ARCOIL MANUFACTURING COMPANY, A CORPORATION, AND COMMERCIAL TRUST COMPANY OF NEW JERSEY, A CORPORATION, PLAINTIFFS-APPELLANTS, v. NEW BRUNSWICK FIRE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 20, 1936—Decided October 2, 1936.

For the plaintiffs-appellants, *Siegel & Benjamin* (*Melvin J. Koestler* and *Sidney J. Benjamin,* of counsel).

For the defendant-respondent, *Lum, Tamblyn & Fairlie* (*James Raymond Berry,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of nonsuit. Plaintiffs' claim was for damage to and destruction of its stock and materials which were insured against loss or damage by fire, by the defendant company.

During the course of the trial, plaintiffs' counsel, addressing the court, said, "* * * I think that I will submit to a voluntary nonsuit," to which the court replied, "of course,

you have a legal right to do that," and counsel continued "I want to do it \* \* \*." Accordingly, such judgment was entered.

Twelve grounds of appeal were written down as reasons for a reversal of the judgment. They are argued under three headings. The first, in substance, is as follows: That plaintiffs' attorney had no right to submit to a voluntary nonsuit, and the refusal of the trial court to set aside the nonsuit on rule to show cause was an abuse of discretion on the part of the court.

The second is that the plaintiff has a meritorious cause of action, and the third that the issues to be tried were properly presented by the pleadings and no amendment to the reply was required. The appellants continue in the alternative to further state their point in these words: "If the trial court deemed an amendment to reply necessary in order to permit the full trial of the issues of the case upon the merits, then it was incumbent upon the trial court to permit such amendment."

It will be readily perceived that the second and third points are most irregular in form and of no value as grounds on appeal since they do not challenge any ruling of the court.

The third point, however, refers in part to the first four grounds of appeal. These grounds were directed at the court's refusal to allow plaintiffs to amend their reply. It appears that during the conduct of the case plaintiffs' counsel conceived that the reply should be amended. There was no objection on the part of defense counsel, but the court, for reasons of its own, declined to permit the amendment. No exception was taken to the court's ruling on the matter and, consequently, this judicial action cannot now be attacked as error.

The second point made does not seem to be in support of any of the stated grounds of appeal, and a studious reading of the argument made under this heading does not point to any alleged judicial error.

Adverting to the first point, it will readily be perceived that it comprehends two distinct conceptions on the part of

the appellant—(a) that the plaintiffs' attorney has no right to submit to a nonsuit; (b) that it was an abuse of discretion on the part of the trial court not to vacate it on rule. As to the former, it was certainly not error for the court, at plaintiffs' request that a nonsuit be entered, to accede to the request. The court was powerless at that phase of the case to do aught but grant the motion. As to the latter, we perceive from the state of case that after judgment of nonsuit was entered plaintiffs' substituted counsel filed a verified petition in the cause upon which a rule to show cause was allowed why the judgment of nonsuit should not be vacated. The rule to show cause was in due course discharged and this action on the part of the trial court, the appellants contend, was an abuse of discretion.

In the state of case before us, there is nothing whatever to support the appellants' contention. There is nothing to indicate what transpired on the return of the rule to show cause. No proof by way of depositions or otherwise appears in the state of case. The petition, with a general verification attached, upon which the rule to show cause was allowed, spent itself when the rule was granted. What was before the trial court on the return of the rule, or the nature of the argument made, we have no way of knowing. Under the circumstances, we cannot determine that the order discharging the rule to show cause was improper.

The judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Lloyd, Bodine, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, JJ. 11.

*For reversal*—None.